IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | |
|---|---|
| ADVANCED DERMATOLOGY<br>*On behalf of itself and all those similarly situated*<br>8940 Darrow Road<br>Twinsburg, Ohio 44087<br><br>Plaintiff,<br><br>-vs-<br><br>MYDERMRECRUITER<br>7506 Bluff Road<br>Washington, MO 63090<br><br>and<br><br>MICHELLE SULLENTRUP<br>7506 Bluff Road<br>Washington, MO 63090<br><br>Defendants. | CASE NO.:<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiff Advanced Dermatology ("Plaintiff") brings this nationwide Class Action Complaint against Defendants MyDermRecruiter and Michelle Sullentrup for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited facsimiles to people and businesses who have not given their consent. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself, and as to all other matters, upon information and belief, including investigation conducted by its attorneys.

1. The TCPA prohibits any unsolicited facsimiles.

## PARTIES

1

2. Defendant MyDermRecruiter is a for-profit Missouri corporation, with its headquarters in Washington, Missouri.

3. Defendant MyDermRecruiter solicits small businesses, including dermatology offices across the nation, to use its recruiting services to match employers with job seekers.

4. Defendant MyDermRecruiter is paid upon placement of its candidates with businesses.

5. Defendant Michelle Sullentrup (hereinafter "Ms. Sullentrup") is the sole owner and shareholder of MyDermRecruiter.

6. On information and belief, Ms. Sullentrup directly participated in and/or personally authorized and/or directed the sending of unsolicited faxes by MyDermRecruiter, as described herein.

7. On information and belief, Ms. Sullentrup exercises complete control over MyDermRecruiter so that Defendants have no separate mind; that control is exercised to commit unlawful acts against Plaintiff; and that control resulted in injury, such that Ms. Sullentrup may be held liable for the acts of MyDermRecruiter.

8. Plaintiff is a resident of Ohio who received two unsolicited facsimiles from Defendants on its office fax machine without consent on May 20, 2019 and June 19, 2019. *See* Exhibits 1 and 2.

## JURISDICTION

9. This Court has jurisdiction 28 U.S.C. §1331 and 47 U.S.C. §227.

10. Venue is proper in this District because Defendant directed its acts and conduct herein to the Northern District of Ohio and Plaintiff's injury occurred here.

## FACTS

11. On or about May 20, 2019, Plaintiff received a one-page facsimile, attached hereto as Exhibit 1, on its fax machine from "myDermRecruiter.com."

12. On the facsimile, Defendants tout MyDermRecruiter as the "#1 Dermatology Recruitment Firm in the Nation!," and features a candidate with accompanying job qualifications.

13. The facsimile also provides MyDermRecruiter's complete contact information, including phone, address, website address, and the name and direct line to one of MyDermRecruiter's recruitment specialists.

14. On or about June 19, 2019, **Plaintiff received a second** one-page facsimile, attached hereto as Exhibit 2, on its fax machine from Defendants.

15. Again, the fax provided a listing for a job candidate with skills and job experience listed, and a specific name and direct phone number for one of Defendants' recruitment specialist.

16. The second facsimile also provides MyDermRecruiter's contact information, including phone, address, and website address, and promotion as the "#1 Dermatology Recruitment Firm in the Nation!." Exhibit 2

17. Plaintiff had no business relationship with Defendants, did not give Defendants its number, and had not consented to be sent a facsimile.

18. On information and belief, Defendants routinely send facsimiles to recipients where no relationship exists and sends these facsimiles without prior consent to do so.

19. On information and belief, Defendants continue to solicit businesses by sending these facsimiles nationwide.

20. Plaintiff was damaged by Defendants' facsimiles by suffering a monetary loss, including incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to review the facsimiles, invasion of privacy, nuisance, interruption of work, trespass to its chattel by

interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

## CLASS ALLEGATIONS

21. Class Definition: Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> A. All persons in the United States who received a facsimile from or on behalf of Defendants and who had no ongoing business relationship with Defendants and had not given consent to receive facsimiles from Defendants within the four years prior to the filing of the Complaint until the class is certified.

22. Numerosity: The exact number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals and businesses. Class members can be easily identified through MyDermRecruiter's or its agent's records.

23. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a) Whether Defendants sent the faxes or had them sent on its behalf;

b) Whether Defendants had consent;

c) Whether Defendants have processes in place to prevent these facsimiles;

d) Whether Defendants' conduct was willful;

e) Whether Defendants' facsimiles were solicitations; and

f) Whether Defendants' conduct constitutes a violation of the TCPA.

24. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendants' actions.

25. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions, including TCPA cases. Plaintiff has no interests antagonistic to the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class and have the financial resources to do so.

26. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

## CAUSE OF ACTION
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA expressly prohibits unsolicited fax advertising, 47 U.S.C.§ 227(b)(1) (C).

33. Defendants violated this provision by sending an unsolicited faxes to Plaintiff.

34. As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth in paragraph 13 above and under Section 227(b)(3)(B), are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

35. Should the Court determine that Defendants' misconduct was willful and knowingly, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class to $1,500 per fax.

## PAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F. Awarding such other and further relief as equity and justice may require.

        Respectfully submitted,

        */s/Ronald I. Frederick*
        Ronald I. Frederick (#0063609)
        Michael L. Berler (#0085728)
        Michael L. Fine (#0077131)
        Frederick & Berler LLC
        767 East 185th Street
        Cleveland, Ohio 44119
        (216) 502-1055 (phone)
        (216) 566-9400(fax)
        ronf@clevelandconsumerlaw.com
        mikeb@clevelandconsumerlaw.com
        michaelf@clevelandconsumerlaw.com
        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

        */s/Ronald I. Frederick*
        Ronald I. Frederick (#0063609)
        Frederick & Berler, LLC
        *Attorney for Plaintiff*